IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| LEGACY INVESTMENT AND MANAGEMENT, LLC | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-12-2877 |
| SUSQUEHANNA BANK *et al.*, | * |
| Defendants/Counter-claimants/Third Party Plaintiffs/Third Party Counterclaim Defendants | * |
| v. | * |
| LEGACY INVESTMENT & MANAGEMENT, INC. *et al.*, | * |
| Third Party Defendants/ Fourth Party Claimants | * |
| v. | * |
| KENNEDY COMPOUND, LLC, *et al.*, | * |
| Fourth Party Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Legacy Investment and Management, LLC ("Legacy") sued Susquehanna Bank ("the Bank") and Susquehanna Trust & Investment Company ("STIC"), together ("Susquehanna"), in the Circuit Court for Baltimore County, Maryland, for breach of contract and unjust enrichment. ECF No. 2 at 1, 14-15. Legacy also sought

an injunction requiring Susquehanna to unfreeze a bank account containing funds allegedly owned by Legacy and Legacy's customers--various Homeowners and Condominium Associations. *Id.* at 10-15. Susquehanna removed to this Court. ECF No. 1. Susquehanna counterclaimed against Legacy and interpled, among others, Glenn Dale Greens Homeowners Association ("Glenn Dale") and East-Colony Square Homeowners Association, Inc. ("East-Colony") (together the "HOAs"), to determine ownership of the funds.[1] ECF No. 16 at 22, 24. Pending is the HOAs' motion to withdraw counsel and extend their time to answer Susquehanna's third party complaint. ECF No. 146. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2012). For the following reasons the motion will be granted in part and denied in part.

I. Background[2]

Formed in 2007, Legacy and several related entities managed properties for HOAs located in the Baltimore and Washington, DC metropolitan areas. ECF Nos. 2 at 2, 16 at 27. William Kyndall Francis is the sole member of Legacy. ECF No. 16 at 5. Legacy maintained bank accounts for its HOA customers. ECF Nos. 2 at 3, 16 at 27. Each HOA had at least two accounts--an operating

---

[1] Susquehanna brings the interpleader action under 28 U.S.C. § 1335. ECF No. 16 at 35. On September 26, 2013, the Court held that it has jurisdiction over the claim. ECF No. 260 at 12-15.

[2] The facts are taken from Legacy's complaint, ECF No. 2, and Susquehanna's answer, ECF No. 16.

2

account and a capital reserve account. ECF No. 2 at 3. The reserve accounts funded major projects and held large sums of money. See id.

In October 2011, Legacy opened an investment account at STIC which held funds allegedly owned by Legacy and the capital reserves of several HOAs. ECF Nos. 2 at 4, 16 at 30. Legacy deposited approximately $1.2 million in the investment account. ECF No. 16 at 30. The investment account did not have sub-account reporting, but Legacy tracked the ownership of the funds. ECF Nos. 2 at 4, 16 at 30.

In September 2012, Susquehanna met with Francis and his counsel to attempt to obtain an accurate accounting of the investment account.[3] ECF No. 16 at 34. Francis only offered oral assurances that Legacy was properly accounting for the funds in the account and that they would not be subject to multiple claims. Id. at 35. Susquehanna did not find these assurances sufficient and froze the account. See ECF Nos. 2 at 7, 16 at 34-35.

On September 24, 2012, Legacy sued Susquehanna in the Circuit Court for Baltimore County, Maryland, alleging breach of contract and unjust enrichment. Id. at 14-15. Susquehanna

---

[3] Susquehanna suspected that Legacy was defrauding its HOA customers, in part, because it learned that Legacy was giving them "doctored" account statements. ECF No. 16 at 32-34.

removed to this Court on the basis of diversity jurisdiction.[4] ECF No. 1. On October 5, 2012, Susquehanna answered Legacy's complaint and also interpled, among others, the HOAs, to determine the ownership of the funds in the investment account.[5] ECF No. 16 at 1-2, 35-36. On November 13, 2012, Robert T. Shaffer, III entered a notice of appearance on behalf of the HOAs. ECF No. 81.

On December 19, 2012, counsel for Susquehanna and the HOAs filed a joint stipulation extending the time for the HOAs to answer the third party complaint to February 19, 2013. ECF No. 101 at 2. On February 15, 2013, the parties filed another joint stipulation extending the HOAs' time to answer to March 6, 2013. ECF No. 122.[6]

On March 7, 2013, the HOAs' counsel moved to withdraw his appearance and "extend the period of time for . . . Glenn Dale

---

[4] A Limited Liability Company ("LLC") has the citizenship of all of its members for diversity purposes. *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Legacy's sole member, Francis, is a citizen of Maryland. ECF No. 16 at 22. Susquehanna's state of incorporation is Pennsylvania, and its principal place of business is also Pennsylvania. ECF No. 67 at 3.

[5] On November 21, 2012, Susquehanna served the third party complaint on Glenn Dale and East-Colony. ECF No. 84.

[6] Susquehanna asserts that it agreed to extend the HOAs' time to answer three times. ECF No. 160 at 3. However, the original extension jointly stipulated to by Susquehanna and the HOAs' counsel did not apply to Glenn Dale and East-Colony. ECF Nos. 76-2, 77.

4

and East-Colony to have substitute counsel enter appearances and respond to the Third-Party Complaint" by 30 days. ECF No. 146 at 3. On March 13, 2013, Susquehanna opposed this motion. ECF No. 160. As of September 2013, the HOAs have not entered a new appearance of counsel.

II. Analysis

A. Motion to Withdraw

Shaffer moves to withdraw representation because "[a]fter careful consideration, Glenn Dale and East-Colony, have both decided to discharge undersigned counsel." ECF No. 146 at 2. Susquehanna opposes this motion, asserting that "this Court should not permit the withdrawal of HOA Counsel without having substitute counsel enter an appearance or provide such other relief so as to ensure that Susquehanna will not be prejudiced." ECF No. 160 at 2. Susquehanna contends that any delay in these proceedings caused by Shaffer's withdrawal "will irrefutably prejudice Susquehanna," because the time for all defendants to file an answer has ended.[7] See id. at 4.

The Court has wide discretion in ruling on a motion to withdraw. See Patterson v. Gemini Org., Ltd., No. 99-1537, 2000 WL 1718542, at *2 (4th Cir. Nov. 17, 2000). Under Local Rule

---

[7] Susquehanna asserts that only one claimant--Skylark Ridge Townhouse Association, Inc. ("Skylark") still had time to answer as of the date of its opposition. ECF No. 160 at 4. After the opposition was filed, Susquehanna and Skylark stipulated to the voluntary dismissal of Skylark without prejudice. ECF No. 168.

101.2(b) (D. Md. 2012), counsel for an entity--like the HOAs-- may withdraw with the Court's permission if:

> (1) appearance of other counsel has been entered, or
> (2) withdrawing counsel files a certificate stating
> (a) the name and last known address of the client, and
> (b) that the written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying it that it must have new counsel enter an appearance or be subject to the dismissal of its claims and/or default judgment on claims against it. In the event that within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action . . . it deems appropriate . . . .

In the motion, Shaffer certified that he mailed the notice required by the Rule more than seven days before filing the motion and certified each HOA's name and last known address. *See* ECF No. 146 at 2. Although Shaffer filed the motion to withdraw on March 7, 2013, no new counsel has appeared for the HOAs. The HOAs do not oppose Shaffer's motion.

Although Susquehanna opposes Shaffer's motion because it believes that Shaffer's discharge will delay these proceedings, its concerns center on the delay resulting from the HOAs' tardy filing of an answer. *See* ECF No. 160 at 4. The HOAs have requested that Shaffer "not make any filings on their behalf." ECF No. 146 at 3. Accordingly, there will be no additional

delay resulting from Shaffer's discharge.[8]  Shaffer's motion to withdraw will be granted.

B. Motion to Extend Time to Respond to Third Party Complaint

One day after their previous extension of time expired, the HOAs moved to extend their time to answer Susquehanna's third party complaint. ECF Nos. 122, 146. Federal Rule of Civil Procedure 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." To determine if the delay is excusable neglect, the court "consider[s] all relevant circumstances, including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See Perry-Bey v. City of Norfolk, Va.*, 679 F. Supp. 2d 655, 658-59 (E.D. Va. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). The reason for the delay is the most important factor. *See Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996). "'Excusable neglect' is

---

[8] *See* Maryland Lawyers' Rules of Professional Conduct 1.16(a)(3) (requiring a lawyer to withdraw if discharged by the client).

not easily demonstrated," it should be found "only in the "*extraordinary cases* where injustice would otherwise result." *Id.* (emphasis in original). The party seeking the extension has the burden of demonstrating excusable neglect. *Id.*

The only reason provided for the delay in filing an answer is the HOAs' decision to discharge Shaffer and obtain new counsel. *See* ECF No. 146 at 2. Although the HOAs moved for an extension over six months ago, and Shaffer warned them of the consequences of failing to obtain new counsel, they have not yet entered an appearance of substitute counsel. *See id.* at 2. Obtaining new counsel was within the HOAs' "reasonable control," *see Pioneer*, 507 U.S. at 395, and the HOAs must be represented in this matter by counsel.[9] Moreover, Susquehanna agreed to at least two extensions for the HOAs to respond to the third party complaint, which was filed almost one year ago. *See* ECF Nos. 101, 122. Accordingly, the HOAs have not shown that their delay in filing an answer resulted from "extraordinary"[10] circumstances beyond their control or even "inadvertence or mistake, or carelessness." *See Pioneer*, 507 U.S. at 388, 395; *F.D.I.C. v. Danzig*, 10 F.3d 806, at *1 (4th Cir. 1993) (affirming district

---

[9] *See* Local Rule 101.1(a) (D. Md. 2012) ("All parties other than individuals must be represented by counsel."); C. Wright, A. Miller, & M. Kane ("Wright & Miller"), 7 Fed. Prac. & Proc. Civ. § 1333 (3d ed. 2013) ("[A] corporation cannot appear in an action in a federal district court unrepresented by counsel.").

[10] *See Thompson*, 76 F.3d at 534.

court which, *inter alia*, found no excusable neglect when plaintiff failed to timely file an answer after his attorneys sought leave to withdraw, and the action was stayed for three weeks to allow plaintiff "to come to terms with his attorneys").

Susquehanna has asserted that further delay in these proceedings will prejudice it, because the time to respond to the third party complaint has ended and "Susquehanna is ready and able to proceed with the litigation." ECF No. 160 at 4. Although the HOAs request only a 30-day extension of time to answer, when coupled with their failure over the past six months to enter an appearance of counsel, this delay is significant and will cause some prejudice to Susquehanna. *See Sehler v. Prospect Mortgage, LLC*, 1:13CV473 JCC/TRJ, 2013 WL 5184216, *3-*4 (E.D. Va. Sept. 16, 2013) (finding delay of four to six months "significant" and prejudicial). The prejudice to Susquehanna weighs against granting an extension of time. *See Pioneer*, 507 U.S. at 395. As the HOAs have not met their burden of showing that injustice will result from failing to grant another extension of their time to answer, *see* Thompson, 76 F.3d at 534, their motion will be denied.

III. Conclusion

For the reasons stated above, the HOAs' motion to withdraw the appearance of counsel and to extend their time to answer the complaint and enter substitute counsel will be granted in part and denied in part.

___10/2/13___
Date

/s/ William D. Quarles, Jr.
William D. Quarles, Jr.
United States District Judge