IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| LEGACY INVESTMENT AND MANAGEMENT, LLC | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-12-2877 |
| SUSQUEHANNA BANK *et al.*, | * | |
| | * | |
| Defendants/Counter-claimants/Third Party Plaintiffs/Third Party Counterclaim Defendants | * | |
| | * | |
| v. | * | |
| LEGACY INVESTMENT & MANAGEMENT, INC. *et al.*, | * | |
| | * | |
| Third Party Defendants/ Fourth Party Claimants | * | |
| | * | |
| v. | * | |
| KENNEDY COMPOUND, LLC, *et al.*, | * | |
| Fourth Party Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Legacy Investment and Management, LLC ("Legacy LLC") sued Susquehanna Bank ("the Bank") and Susquehanna Trust & Investment Company ("STIC"), together ("Susquehanna"), in the Circuit Court for Baltimore County, Maryland, for breach of contract and unjust enrichment. ECF No. 2 at 1, 14-15. Legacy LLC also

sought an injunction requiring Susquehanna to unfreeze a bank account containing funds allegedly owned by Legacy LLC and its customers--various Homeowners and Condominium Associations. *Id.* at 10-15. Susquehanna removed to this Court. ECF No. 1. Susquehanna counterclaimed against Legacy LLC and brought an interpleader action to determine ownership of the funds.[1] ECF No. 16 at 20-40. Pending is Susquehanna's motions for default judgment in the interpleader action as to: (1) several of Legacy LLC's customers (the "HOAs"), ECF No. 211;[2] and (2) Legacy Investment & Management, Inc. ("Legacy Inc.") and William Kyndall Francis, ECF No. 221.[3] No hearing is necessary. *See*

---

[1] Susquehanna brings the interpleader action under 28 U.S.C. § 1335. ECF No. 16 at 35. On September 26, 2013, the Court held that it has jurisdiction over the claim. ECF No. 260 at 12-15.

[2] Susquehanna moves for a default judgment against the following claimants: Bel Aire Woods Community Association, Inc.; Barnaby Valley Park Homeowners Association, Inc.; The Nightingale Condominium, Inc.; Treetop Condominium Association; Laurel Cove HOA, LLC; Dodge Park Homeowners Association, Inc.; Legacy at Lincoln Park Homeowners Association, Inc.; Vicsura Holdings, LLC; Sun Valley Estates Homeowners Association, Inc.; Woodstream Community Association, Inc.; Cherry Valley Association, Inc.; Estates at Paddocks Homeowners Association, Inc.; Kenyon Manor Condo Association, Inc.; 1810a Minnesota Ave. Condominiums Association; Conte Gardens, Inc.; Falls Grove at Riva Trace Homeowners Association, Inc.; Avalon West Homeowners Association, Inc.; and Council of Unit Owners of Highland Condominium at Landover Station, Inc.

[3] Susquehanna also moves for a default judgment against Legacy LLC in the interpleader action. ECF No. 221 at 1. However, Susquehanna never interpled Legacy LLC. *See* ECF No. 16 at 1-2. It interpled Legacy Inc. and Francis. *Id.* Accordingly,

2

Local Rule 105.6 (D. Md. 2012). For the following reasons the motions will be granted in part and denied in part.

I. Background[4]

Formed in 2007, Legacy LLC and several related entities managed properties for HOAs located in the Baltimore and Washington, DC metropolitan areas. ECF Nos. 2 at 2, 16 at 27. William Kyndall Francis is the sole member of Legacy LLC. ECF No. 16 at 5. Legacy LLC maintained bank accounts for its HOA customers. ECF Nos. 2 at 3, 16 at 27. Each HOA had at least two accounts--an operating account and a capital reserve account. ECF No. 2 at 3. The reserve accounts funded major projects and held large sums of money. *See id.*

In October 2011, Francis opened an investment account in the name of Legacy Inc. at STIC which held funds allegedly owned by Legacy LLC and the capital reserves of several HOAs. ECF Nos. 2 at 4, 16 at 28, 30. Francis deposited approximately $1.2 million in the investment account. ECF No. 16 at 30. The investment account did not have sub-account reporting, but Legacy LLC tracked the ownership of the funds. ECF Nos. 2 at 4, 16 at 30.

---

Susquehanna's motion for a default judgment in the interpleader action against Legacy LLC will be denied.

[4] The facts are taken from Legacy LLC's complaint, ECF No. 2, and Susquehanna's answer, ECF No. 16.

In September 2012, Susquehanna met with Francis and his counsel to attempt to obtain an accurate accounting of the investment account.[5] ECF No. 16 at 34. Francis only offered oral assurances that Legacy LLC was properly accounting for the funds in the account and that they would not be subject to multiple claims. *Id.* at 35. Susquehanna did not find these assurances sufficient and froze the account. *See* ECF Nos. 2 at 7, 16 at 34-35.

On September 24, 2012, Legacy LLC sued Susquehanna in the Circuit Court for Baltimore County, Maryland, alleging breach of contract and unjust enrichment. *Id.* at 14-15. Susquehanna removed to this Court on the basis of diversity jurisdiction.[6] ECF No. 1. On October 5, 2012, Susquehanna answered Legacy LLC's complaint and also interpled 47 HOAs, Francis, and Legacy Inc., to determine the ownership of the funds in the investment account. ECF No. 16 at 1-2, 35-36. Between November 7, 2012 and December 19, 2012, Susquehanna served the third-party

---

[5] Susquehanna suspected that Legacy LLC was defrauding its HOA customers, in part, because it learned that Legacy LLC was giving them "doctored" account statements. ECF No. 16 at 32-34.

[6] A Limited Liability Company ("LLC") has the citizenship of all of its members for diversity purposes. *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Legacy LLC's sole member, Francis, is a citizen of Maryland. ECF No. 16 at 22. Susquehanna's state of incorporation is Pennsylvania, and its principal place of business is also Pennsylvania. ECF No. 67 at 3.

4

complaint on all interpled claimants except Francis. ECF Nos. 80, 84, 87-89, 93-96, 98-100. On January 14, 2013, the Court granted Susquehanna's motion for alternative service on Francis by U.S. mail. ECF No. 111. On January 17, 2013, Francis was served. ECF No. 113.

On February 6, 2013, Susquehanna moved for the Clerk of the Court to enter a default against Legacy Inc. ECF No. 119. On March 8, 2013, default was entered. ECF No. 150. On February 8, 2013, Susquehanna moved for the Clerk of the Court to enter a default against Francis. ECF No. 121. On February 22, 2013, default was entered. ECF No. 136. On February 22, 2013, Susquehanna moved for the Clerk of the Court to enter a default against the HOAs. ECF No. 137. On March 8, 2013, default was entered. ECF Nos. 151-54. These interpled parties have not participated in this action before or after the entries of default. On May 30, 2013, Susquehanna moved for a default judgment against the HOAs. ECF No. 211. On July 1, 2013, Susquehanna moved for a default judgment against Francis and Legacy Inc. ECF No. 221.

II. Analysis

In reviewing a motion for entry of a default judgment, the plaintiff's well-pleaded allegations are accepted as true as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). However, "a defaulting defendant is not

held to admit conclusions of law." *United States v. $3,500.00 in U.S. Currency,* 2008 WL 215807, at *1 (E.D.N.C. Jan.24, 2008) (*citing Ryan,* 253 F.3d at 780). Rather, it remains for the Court to determine whether the unchallenged factual allegations "support a claim and the relief sought." *Id.* This Court previously held that Susquehanna has properly brought a claim for interpleader relief. *See* ECF No. 260 at 12-15. Susquehanna alleges that the HOAs, Legacy Inc., and Francis are potential claimants to the investment account funds. *See* ECF No. 16 at 20-26, 35-36. These allegations are taken as true. *See Ryan,* 253 F.3d at 780-81.

A default judgment is entered by a two-step process. *See Danzig,* 10 F.3d at *2 n.5. First, under Federal Rule of Civil Procedure 55(a), "the clerk *enters* a party's default" when the party fails to plead or defend the suit. *See id.* Second, upon motion by the non-defaulting party, the district court may enter a default judgment. Fed.R.Civ.P. 55(b)(2); *id.* In an interpleader action, a default judgment forfeits "any claim of entitlement" the defaulting party might assert to the interpled property. *See Guardian Life Ins. Co. of Am. v. Spencer,* 5:10CV00004, 2010 WL 3522131, at *3 (W.D. Va. Sept. 8, 2010)(*citing Nationwide Mut. Fire Ins. Co. v. Eason,* 736 F.2d 130, 133 (4th Cir. 1984)); *see also New York Life Ins. Co. v. Connecticut Dev. Auth.,* 700 F.2d 91, 95 (2d Cir. 1983) (noting

that default judgments do not make an "interpleader action inappropriate" but instead "obviate[]" judicial determination of rights to the interpled funds).

Francis, Legacy Inc., and the HOAs have been properly served,[7] and have not opposed the entries of default against them. Thus, default judgment is appropriate under Rule 55, and these parties' interests in the interpled funds from the investment account will be terminated. *See Guardian Life*, 2010 WL 3522131, at *3. Susquehanna's motions for default judgment against Francis, Legacy Inc., and the HOAs will be granted.

III. Conclusion

For the reasons stated above, the defendants' motions for a default judgment will be denied as to Legacy Investment & Management, LLC and granted as to the other potential claimants.

10/2/13
Date

/s/ William D. Quarles, Jr.
United States District Judge

---

[7] ECF Nos. 80, 84, 87-89, 93-96, 98-100, 204.