IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| LEGACY INVESTMENT AND MANAGEMENT, LLC | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-12-2877 |
| SUSQUEHANNA BANK et al., | * | |
| Defendants/Counter-claimants/Third Party Plaintiffs/Third Party Counterclaim Defendants | * | |
| v. | * | |
| LEGACY INVESTMENT & MANAGEMENT, INC. et al., | * | |
| Third Party Defendants/ Fourth Party Claimants | * | |
| v. | * | |
| KENNEDY COMPOUND, LLC, et al., | * | |
| Fourth Party Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Legacy Investment and Management, LLC ("Legacy LLC") sued Susquehanna Bank ("the Bank") and Susquehanna Trust & Investment Company ("STIC"), (together "Susquehanna"), in the Circuit Court for Baltimore County, Maryland for breach of contract and unjust enrichment. ECF No. 2 at 1, 14-15. Legacy LLC also sought an

injunction requiring Susquehanna to unfreeze a bank account containing funds allegedly owned by Legacy LLC's customers--various Homeowners and Condominium Associations ("HOAs"). *Id.* at 10-15. Susquehanna removed to this Court and interpled, *inter alia*, several HOAs to determine ownership of the funds. ECF Nos. 1, 16 at 1-2, 35-36. One HOA, Hilltop Condominium Association ("Hilltop"), brought crossclaims against Legacy LLC and others[1] for fraud and breach of fiduciary duty. ECF No. 166 at 18-20. Pending is Hilltop's unopposed motion for default judgment on these crossclaims. ECF No. 245. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the following reasons, the motion will be granted in part and denied in part.

I. Background[2]

On October 22, 2009, Hilltop[3] contracted with Legacy LLC to provide Hilltop with certain management services in exchange for

---

[1] Hilltop also brings its crossclaims against Legacy Investment & Management, Inc. ("Legacy Inc.") and William Kyndall Francis. ECF No. 166 at 12. This opinion refers to Legacy Inc., Legacy LLC, and Francis collectively as "the defendants."

[2] In reviewing a motion for entry of a default judgment, the plaintiff's well-pled allegations as to liability are accepted as true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001).

[3] Hilltop is a Maryland corporation with its principal place of business in Maryland. *See* ECF Nos. 16 at 25, 166 at 4.

a monthly fee.[4] *See* ECF No. 166 at 12-13. These services included management of Hilltop's reserve funds, which "are typically set aside in savings accounts [or] money market checking accounts . . . to cover long term capital expenses." *See id.* at 13. The contract prohibited Legacy LLC from commingling Hilltop's funds with funds from any other source. *See id.* at 12.

At some time, Francis told other Legacy LLC employees that he planned to move the reserve funds of several HOA customers from accounts at various banks, and then consolidate those funds. *Id.* at 13. At least one employee--Howard Hellend--told Francis that it was improper to commingle the funds of multiple HOAs. *Id.* Francis dismissed Hellend's concerns, and Hellend resigned. *Id.*

On October 8, 2011, without notice to Hilltop, Francis moved Hilltop's reserve funds to a business checking account he opened at a branch of the Bank in Columbia, Maryland. *See id.* at 13-15. The account was created in Hilltop's name with Legacy LLC listed as the escrow agent. ECF No. 311-4 at 2. On October 11, 2011, Francis opened a business checking account at the Bank for Legacy Inc. ECF No. 166 at 15. On October 28, 2011,

---

[4] Hilltop states that the defendants "entered into a fiduciary relationship with Hilltop." ECF No. 166 at 19.

without authorization, Francis transferred $23,420.56 from Hilltop's account to the Legacy Inc. account.[5] See id. at 16.

In June or July 2012, an accounting firm conducted an audit of several of Legacy LLC's HOA customers. See id. This audit revealed that Francis had mailed fraudulent bank account statements to the HOAs--including Hilltop--to conceal his theft of reserve funds for his personal use. See id. at 17-18. The statements sent to Hilltop "showed incorrect balances in Hilltop's account at the Bank," which Hilltop "reasonably and justifiably relied on" to its detriment.[6] See id. at 18-19. Francis provided these false statements to Hilltop "for the purpose of defrauding Hilltop" and Legacy Inc. and Legacy LLC "provided substantial assistance and aid to" Francis with "actual knowledge . . . that their conduct . . . further[ed] Defendant Francis's fraudulent acts." Id. at 19-20.

---

[5] Around this time, Francis also opened an investment account at STIC into which he intended to consolidate the reserve funds of several HOAs. See ECF No. 166 at 15. Although Francis transferred $1.2 million in HOA reserve funds to the investment account, he did not move any of the Legacy Inc. checking account funds to the investment account. See id. at 16.

[6] In a supplemental filing, Hilltop attached several examples of the falsified bank statements as well as genuine bank statements later provided to it by Susquehanna. See ECF Nos. 311 at 1, 311-2 at 2, 311-3 at 2-6, 311-5 at 2-3. A comparison of these statements shows that the bank statements provided by Legacy LLC reported inaccurate balances in Hilltop's account. Compare ECF No. 311-3 at 5, with ECF No. 311-5 at 2.

On September 24, 2012, Legacy LLC sued Susquehanna in the Circuit Court for Baltimore County, Maryland, alleging breach of contract and unjust enrichment, after Susquehanna revoked its access to the HOAs' deposit accounts and the STIC investment account. ECF No. 2 at 10-15. On September 26, 2012, Susquehanna removed to this Court on the basis of diversity jurisdiction. ECF No. 1. On October 5, 2012, Susquehanna answered Legacy LLC's complaint and brought a third party interpleader action against, *inter alia*, Hilltop and other HOAs to determine ownership of the funds in the investment account. ECF No. 16 at 1-2, 35-36.

On March 20, 2013, Hilltop answered Susquehanna's complaint and brought four crossclaims: (1) fraud against Francis (count one); (2) breach of fiduciary duty and constructive fraud against the defendants (count two); (3) aiding and abetting fraud against the defendants (count three); and (4) fraudulent transfers against the defendants (count four). ECF No. 166 at 18-20. Hilltop sought, *inter alia*, $30,000 in compensatory damages and $100,000 in punitive damages. *Id.* The defendants did not answer Hilltop's complaint, enter an appearance, or otherwise participate in the case after it was removed.[7]

---

[7] On June 4, 2013, Legacy LLC and Legacy Inc. were served with Hilltop's complaint. ECF No. 220-1 at 2, 5. On July 1, 2013, Francis was served. ECF Nos. 214, 224-2 at 2.

5

On June 27, 2013, Hilltop moved for entry of default against Legacy Inc. and Legacy LLC. ECF No. 220. On July 1, 2013, Hilltop moved for entry of default against Francis. ECF No. 224. On July 2, 2013, default was entered against the defendants. ECF Nos. 227, 228. On July 22, 2013, Hilltop moved for a default judgment against the defendants. ECF No. 245. The defendants have not opposed the motion or the entry of default against them.

On February 18, 2014, in response to the Court's February 7, 2014 letter order, Hilltop filed a supplement containing additional evidence on the issue of damages. ECF Nos. 307, 311. Hilltop's evidence shows that, on October 12, 2011, $24,420.56 was deposited into Hilltop's account at the Bank. ECF No. 311-2 at 2. On October 28, 2011, all but $1000 of those funds was transferred into a "Legacy Investment and Management" account. See id. On June 7, 2012, $9,000 was deposited into the Hilltop account and $9,400 withdrawn, leaving a balance of $600. See ECF No. 311-5. Legacy LLC then issued a check to Hilltop for $9,400, and Hilltop used the funds to purchase a boiler. See ECF Nos. 311-1 at 2 (affidavit of Bruce Baker, President of Hilltop), 311-5 at 4. On October 5, 2012, after preliminary discovery, Hilltop received a bank statement from Susquehanna showing that only $100 remained in Hilltop's account. See ECF

No. 311-4. On January 6, 2014, Hilltop received the $100 balance from Susquehanna. ECF No. 311-1 at 2.

II. Analysis

   A. Standard of Review

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. In reviewing a motion for entry of a default judgment, the plaintiff's well-pled factual allegations are accepted as true as to liability. *Ryan*, 253 F.3d at 780-81. However, "a defaulting defendant is not held to admit conclusions of law." *United States v. $3,500.00 in U.S. Currency*, 2008 WL 215807, at *1 (E.D.N.C. Jan.24, 2008) (citing *Ryan*, 253 F.3d at 780). Rather, the court must determine whether the unchallenged factual allegations "support a claim and the relief sought." *Id.*; *Ryan*, 253 F.3d at 780-81.

If liability is established, the court must make an independent determination of damages; it will not accept the damages allegations as true. *Int'l Painters & Allied Trades Indus. Pension Fund v. Metro Glass & Mirror, Inc.*, ELH-11-2389, 2012 WL 893262, at *2 (D. Md. Mar. 14, 2012) *report and recommendation adopted*, ELH-11-2389, 2012 WL 1150793 (D. Md. Apr. 4, 2012) (citing *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999)); *Hartford Fin. Servs. Grp., Inc. v. Carl J. Meil, Jr., Inc.*, CIV. WDQ-10-2720,

2011 WL 1743177, at *7 (D. Md. May 5, 2011) (*citing* Fed. R. Civ. P. 8(b)(6)). The Court may award damages without a hearing if there is sufficient evidence for the award in the record. *See Int'l Painters*, 2012 WL 893262, at *2 (*citing Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (in determining damages without a hearing, "the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum")).

Entry of a default judgment is left to the court's discretion, and the Fourth Circuit has a "strong policy" that "cases be decided on the merits." *Dow v. Jones*, 232 F. Supp. 2d 491, 494-95 (D. Md. 2002) (*citing United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). However, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (*quoting SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (internal quotations omitted)).

B. Liability

1. Fraud

In Count One, Hilltop asserts a fraud claim against Francis. ECF No. 166 at 18-19. To prevail on a fraud claim under Maryland law,[8] Hilltop must show:

---

[8] Maryland uses the rule of *lex loci delicti* to determine the law to apply in tort cases. *See, e.g., Philip Morris Inc. v.*

8

> (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation.

*Hoffman v. Stamper*, 867 A.2d 276, 292 (Md. 2005).

Here, Hilltop has shown that Francis knowingly used false account statements--copies of which Hilltop has provided to the Court, showing inaccurate balances in the Hilltop account--to conceal the unauthorized transfer of Hilltop's funds to the Legacy Inc. account. *See* ECF Nos. 166 at 17-20, 311-3 at 2-6. Hilltop has also shown that it reasonably relied to its detriment on the misrepresentations on the account statements, which were given to Hilltop by its property manager. *See* ECF No. 166 at 12-13, 19. Finally, Hilltop has shown that it suffered compensable injury from Francis's fraud, because it lost a significant portion of the reserve funds it entrusted to Francis. *See* ECF Nos. 311-2 at 2, 311-4, 311-5. Accordingly, Hilltop has established a fraud claim against Francis. *See,*

---

*Angeletti*, 358 Md. 689, 750, 752 A.2d 200, 233 n.28 (2000). Under that rule, the court applies the law of the state "where the injury—the last event required to constitute the tort—occurred." *Lab. Corp. of America v. Hood*, 395 Md. 608, 615, 911 A.2d 841, 845 (2006). All the events at issue in this suit allegedly took place in Maryland, and Hilltop's principal place of business is in Maryland. *See* ECF Nos. 16 at 25, 166 at 4, 13. Accordingly, Maryland law governs Hilltop's claims.

*e.g., United States v. Colton*, 231 F.3d 890, 899 (4th Cir. 2000) (noting that intentional concealment "of a material fact with the attained object of creating or continuing a false impression as to that fact" is actionable fraud) (*citing Fegeas v. Sherrill*, 218 Md. 472, 477-78, 147 A.2d 223, 225 (1958)).

2. Aiding and Abetting Fraud

In Count Three, Hilltop asserts that Legacy LLC and Legacy Inc. are liable for aiding and abetting Francis's fraud. *See* ECF No. 166 at 19-20. Civil liability for aiding and abetting is recognized in Maryland. *Petry v. Wells Fargo Bank, N.A.*, 597 F. Supp. 2d 558, 565 (D. Md. 2009) (*quoting Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 340 Md. 176, 199, 665 A.2d 1038, 1049 (1995)). To establish a claim for aiding and abetting, Hilltop must show, "1) there is a violation of the law (tort) by the principal; 2) defendant knew about the violation, and 3) defendant gave substantial assistance or encouragement to the principal to engage in the tortious conduct." *Alleco*, 340 Md. at 186, 665 A.2d at 1043 (internal quotations and punctuation omitted). Corporate entities can be liable for aiding and abetting fraudulent acts by an individual when that individual acts in his own interest. *See George Wasserman & Janice Wasserman Goldsten Family LLC v. Kay*, 197 Md. App. 586, 629-30, 14 A.3d 1193, 1218-19 (2011) (corporation could be liable for aiding and abetting its chief executive officer, and

limited liability company could be liable for aiding and abetting its managing member in sole control of the company, when individual acted "in his own interest, not within the scope of authority extended to him").

Here, Hilltop has established that Francis is liable for fraud, see supra Section II.B.1., and that Legacy LLC and Legacy Inc. knew about the fraud, see ECF No. 166 at 20. Hilltop has also shown that Legacy LLC and Legacy Inc. substantially assisted in the fraud. See ECF No. 166 at 20. Francis acted through Legacy LLC in mismanaging Hilltop's reserve funds, and Legacy LLC is listed as the escrow agent on Hilltop's account at the Bank. See ECF Nos. 166 at 12-13, 311-4 at 2. Also, Francis transferred funds from Hilltop's account to the Legacy Inc. checking account and then "siphon[ed] off [these funds] for his personal use." ECF No. 166 at 15-17. Thus, Hilltop has shown Francis acted in his own interest in committing the fraudulent acts, and that Legacy Inc. and Legacy LLC are liable for aiding and abetting his fraud. See Kay, 197 Md. App. at 597-600, 14 A.3d at 1200-01 (corporate entities could be liable for aiding and abetting fraud committed by CEO and managing member acting in his own interest, when entities improperly transferred reserve funds of investment vehicles in breach of agreements with investment vehicles and "provid[ed] false and misleading information for inclusion in the annual financial statements").

3. Constructive Fraud and Breach of Fiduciary Duty

In Count Two, Hilltop asserts that the defendants are liable for constructive fraud because of their breach of fiduciary duties to Hilltop. *See* ECF No. 166 at 19. Constructive fraud is a "breach of a legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Canaj, Inc. v. Baker and Division Phase III, LLC*, 391 Md. 374, 893 A.2d 1067, 1095 (2006) (internal quotations omitted). When "a party is justified in believing that the other party will not act in a manner adverse or inconsistent with the reposing party's interest or welfare, constructive fraud may be found to arise from a violation of this belief." *Crawford v. Mindel*, 57 Md. App. 111, 121, 469 A.2d 454, 459 (1984) (*quoting Midler v. Shapiro*, 33 Md.App. 264, 364 A.2d 99 (1976)). Constructive fraud "usually arises from a breach of duty where a relationship of trust and confidence exists," such as a fiduciary relationship. *See id.* at 120-21, 459 (*citing Scheve v. McPherson*, 44 Md. App. 398, 406, 408 A.2d 1071, 1076 (1979)).

Here, Hilltop has shown that Legacy LLC and Francis agreed to provide property management services to Hilltop and were entrusted, by contract, with management of Hilltop's reserve

funds. *See* ECF No. 166 at 12-15. Thus, Hilltop has shown that Francis and Legacy LLC owed it fiduciary duties. *See, e.g., Nagel v. Todd*, 185 Md. 512, 516, 45 A.2d 326, 327 (1946) ("The agreement to act on behalf of the principal causes the agent to be a fiduciary, that is, a person having a duty, created by the undertaking, to act primarily for the benefit of another, in matters connected with his undertaking." (*quoting* Restatement (First) of Agency, § 13, comment (a) (1933)); *Proctor v. Holden*, 75 Md. App. 1, 20, 540 A.2d 133, 142 (1988). Further, Hilltop has shown that, by the fraudulent acts described above, Legacy LLC and Francis misappropriated Hilltop's funds in violation of their fiduciary duties. *See* ECF No. 166 at 13, 15-17. Accordingly, Hilltop has established a claim of constructive fraud against Legacy LLC and Francis. *See Crawford*, 57 Md. App. at 120-21, 469 A.2d at 458-59 (defendant's fraudulent disbursement to himself of funds of corporation, to which he owed a fiduciary duty, was "classic example of constructive fraud").

However, although Hilltop states in a conclusionary fashion that Hilltop and Legacy Inc. were in a fiduciary relationship, Hilltop does not allege any facts that suggest that Hilltop had a relationship with Legacy Inc. or that Legacy Inc. had any legal duties to Hilltop that it breached. *See* ECF No. 166 at 19. Thus, Hilltop's allegations do not support a claim for

relief against Legacy Inc. *See JTH Tax, Inc. v. Grabert*, 2:13CV47, 2013 WL 6885129, at *4 (E.D. Va. Dec. 30, 2013) (conclusionary statements of fact are insufficient to support default judgment because defendants are not held to admit conclusions of law upon default); *Scheve*, 44 Md. App. at 406, 408 A.2d at 1076 ("A key element in [the constructive fraud] definition is the breach of a legal or equitable duty."); *Brass Metal Products, Inc. v. E-J Enterprises, Inc.*, 189 Md. App. 310, 360, 984 A.2d 361, 390 (2009) (affirming summary judgment on constructive fraud count because plaintiff failed to show defendants owed it a duty).

4. Fraudulent Transfer

In Count Four, Hilltop contends that the defendants are liable for fraudulent transfers and it is a creditor of the defendants. *See* ECF No. 166 at 20. Under the Maryland Uniform Fraudulent Conveyance Act ("MUFCA"),[9] "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud present or future creditors, is fraudulent as to both

---

[9] Md. Code Ann., Com. Law § 15-201 *et seq.* (West 1975). To succeed on a MUFCA claim, Hilltop must allege that it is a creditor of the defendants and that a fraudulent transfer occurred. *See Christian v. Minnesota Min. & Mfg. Co.*, 126 F. Supp. 2d 951, 961 (D. Md. 2001) (*citing Dixon v. Bennett*, 72 Md. App. 620, 623 n.2, 531 A.2d 1318, 1320 n.2 (1987) *overruled on other grounds by BAA, PLC v. Acacia Mut. Life Ins. Co.*, 400 Md. 136, 929 A.2d 1 (2007)).

present and future creditors."[10] Md. Code Ann., Com. Law § 15-207 (West 1975); *Sullivan v. Dixon*, 280 Md. 444, 448, 373 A.2d 1245, 1248 (1977). To determine if actual fraudulent intent exists, courts look for "badges of fraud," which include:

> insolvency or indebtedness of the transferor; lack of consideration for the conveyance; a relationship between the transferor and the transferee; the pendency or threat of litigation; secrecy/concealment; departure from the usual method of business; transfer of the debtor's entire estate; reservation of benefit to the transferor; and the retention by the debtor of actual possession of the property.

*In re Rood*, 459 B.R. 581, 601 (Bankr. D. Md. 2011) *aff'd*, 482 B.R. 132 (D. Md. 2012) *aff'd sub nom. S. Mgmt. Corp. Ret. Trust v. Rood*, 532 F. App'x 370 (4th Cir. 2013) and *aff'd sub nom. S. Mgmt. Corp. Ret. Trust v. Jewell*, 533 F. App'x 228 (4th Cir. 2013) (*citing Wellcraft Marine Corp. v. Roeder*, 314 Md. 186, 189-90, 550 A.2d 377, 379 (1988)).

Here, Hilltop has shown that the defendants transferred Hilltop's reserve funds from its account at the Bank to the Legacy Inc. account without authorization or notice to Hilltop and then issued false account statements to Hilltop to conceal the unauthorized transfers. *See* ECF Nos. 166 at 15-16, 311-2 at 2. Hilltop has also shown that, by these transfers, the

---

[10] A "conveyance" includes "every payment of money, assignment, release, transfer, lease, mortgage, or pledge of tangible or intangible property." Md. Code Ann., Com. Law § 15-201(c) (West 1975). A creditor is any "person who has any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent." *Id.* § 15-201(d).

defendants intended to defraud Hilltop by taking its reserve funds for their personal use, rather than for use on Hilltop's behalf. See ECF No. 166 at 17-20. Finally, Hilltop has shown that the defendants never returned to Hilltop at least $14,920.56 of the improperly transferred reserve funds, and that Hilltop is a creditor of the defendants. See ECF No. 166 at 20, 311-1 at 2. Accordingly, Hilltop has established that the transfer of Hilltop's reserve funds by the defendants was a fraudulent conveyance under the MUFCA.[11] See Rood, 482 B.R. at 143-45 (affirming bankruptcy court finding of fraudulent conveyance under § 15-207, because evidence showed defendant withdrew funds from bank accounts without authorization and used them to fund his "lavish lifestyle").

C. Damages

Hilltop's motion for a default judgment seeks only an unspecified amount of monetary damages as relief for its claims. See ECF No. 245-2. In its supplemental filing, Hilltop asserts that it lost $14,920.56 in reserve funds because of the defendants' misconduct. ECF No. 311 at 2.

---

[11] Because Hilltop has shown that the transfer of its reserve funds was a fraudulent conveyance under § 15-207 of the MUFCA, the Court need not determine if it was also a fraudulent conveyance because it was "incurred without fair consideration" under § 15-206 of the MUFCA. See ECF No. 166 at 20.

In fraud cases,[12] Maryland applies the "flexibility theory" to determine what damages to award. *Goldstein v. Miles*, 159 Md. App. 403, 422, 859 A.2d 313, 324 (2004) (citing *Hinkle v. Rockville Motor Co.*, 262 Md. 502, 511, 278 A.2d 42 (1971)). Under this theory, the plaintiff may choose to recover its "out-of-pocket" expenses--its actual losses, or benefit-of-the bargain damages, which put the defrauded party in the position it would have been in if the fraudulent representations had been true. *Id.* at 422-23, 324. However, "[i]f the defrauded party is content with the recovery of . . . the amount that he actually lost, his damages will be measured under that rule." *Id.* at 423, 324; *see also Seton v. United Gold Network, LLC*, CIVA DKC-06-1246, 2008 WL 1925180, at *7-*9 (D. Md. Apr. 30, 2008) (awarding, in default judgment action, damages amounting to plaintiff's actual losses as a result of defendant's fraud).

---

[12] Although Hilltop has asserted and established multiple claims for relief against the defendants, it has not argued or shown that it has multiple injuries. For each claim, the injury is the same--the loss of a significant portion of Hilltop's reserve funds entrusted to the defendants' management. *See* ECF No. 166 at 18-20. Under the "one wrong, one recovery rule," Hilltop cannot recover more than once for one injury. *See Hartford*, 2011 WL 1743177, at *6 (citing *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 333, 100 S. Ct. 1698, 64 L.Ed.2d 319 (1980)) (internal quotations omitted); *Montgomery Ward & Co., Inc. v. Cliser*, 267 Md. 406, 425, 298 A.2d 16, 26 (1972) ("A plaintiff may not recover damages twice for the same injury simply because he has two legal theories.") (internal quotations omitted). Thus, the Court will award damages to Hilltop in the amount of the reserve funds it has shown were lost by the defendants' fraudulent conduct, as challenged in Counts One and Three.

Hilltop's evidence shows that the defendants transferred $24,420.56 in Hilltop's reserve funds into an account in Hilltop's name at the Bank, and most of these funds were then transferred into Legacy Inc.'s account at the Bank. *See* ECF Nos. 166 at 16, 311-2 at 2. In June 2012, the defendants paid $9,400 to Hilltop so that Hilltop could purchase a boiler. *See* ECF Nos. 311-1 at 2, 311-5. On January 6, 2014, Hilltop also received the remaining balance of $100 in the account from Susquehanna. ECF No. 311-1 at 2. Thus, Hilltop has provided sufficient evidence for the Court to determine without a hearing that Hilltop has lost $14,920.56 of its reserve funds--the initial amount in Hilltop's account minus the funds for the boiler and the returned balance--as a result of the defendants' fraudulent acts. Hilltop will be awarded damages in this amount.

III. Conclusion

For the reasons stated above, Hilltop's motion for a default judgment will be granted in part and denied in part, and Hilltop will be awarded $14,920.56 in damages.

2/27/14
Date

William D. Quarles, Jr.
United States District Judge