IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| LEGACY INVESTMENT AND MANAGEMENT, LLC, | * |
| Plaintiff | * |
| v. | * CIVIL NO.: WDQ-12-2877 |
| SUSQUEHANNA BANK *et al.*, | * |
| Defendants/Counter-claimants/Third Party Plaintiffs/Third Party Counterclaim Defendants | * |
| v. | * |
| LEGACY INVESTMENT & MANAGEMENT, INC. *et al.*, | * |
| Third Party Defendants/ Fourth Party Claimants | * |
| v. | * |
| KENNEDY COMPOUND, LLC, *et al.*, | * |
| Fourth Party Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Legacy Investment and Management, LLC ("Legacy LLC") sued Susquehanna Bank ("the Bank") and Susquehanna Trust & Investment Company ("STIC"), (together "Susquehanna"), in the Circuit Court for Baltimore County, Maryland, for breach of contract and unjust enrichment. ECF No. 2 at 1, 14-15. Legacy LLC also

sought an injunction requiring Susquehanna to unfreeze a bank account containing funds allegedly owned by Legacy LLC and its customers--various Homeowners and Condominium Associations ("HOAs"). *Id.* at 10-15. Susquehanna removed to this Court and brought an interpleader action to determine ownership of the funds.[1] ECF Nos. 1, 16 at 20-40. Pending are Susquehanna's unopposed motions for reconsideration, ECF No. 278, and for a default judgment in the interpleader action as to two HOAs,[2] ECF No. 302. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the following reasons, the motions will be granted.

I. Background[3]

Francis, through several of his wholly-owned businesses including Legacy LLC and Legacy Investment & Management Inc. ("Legacy Inc.") (collectively, the "Legacy entities"), managed

---

[1] Susquehanna brings the interpleader action under 28 U.S.C. § 1335. ECF No. 16 at 35. On September 26, 2013, the Court held that it has jurisdiction over the claim. ECF No. 260 at 11-15.

[2] Susquehanna moves for a default judgment against East-Colony Square Homeowners Association, Inc. ("East-Colony") and Glenn Dale Greens Homeowners Association, Inc. ("Glenn Dale"). ECF No. 302 at 1. In its motion, Susquehanna spells Glenn Dale's name as "Glen Dale," but in its third party complaint and on the docket, it is spelled "Glenn Dale." *See, e.g.*, ECF No. 16 at 1. Since no party has moved to correct the docket, the Court will use the spelling "Glenn Dale."

[3] In reviewing a motion for entry of a default judgment, the plaintiff's well-pled allegations as to liability are accepted as true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001).

properties for HOAs located in the Baltimore and Washington, DC metropolitan areas. ECF No. 16 at 27. Francis is the sole member of Legacy LLC and the chief executive officer of Legacy Inc. *Id.* at 39. In 2011, Francis and the Legacy entities opened more than 80 deposit accounts at the Bank in the names of about 40 of Francis's wholly-owned businesses and 40 HOAs. *Id.* at 21, 27. The HOA deposit accounts contained protected capital reserve funds owned by the individual HOAs and were established under each HOA's name "care of [Legacy LLC]." *Id.* at 21, 28 (internal quotations omitted).

When Francis opened the deposit accounts at the Bank, STIC employees recommended aggregating the HOAs' capital reserve accounts in an investment account to earn more interest than the individual accounts. *Id.* In October 2011, Francis--through Legacy Inc.--opened an investment account at STIC substantially or fully funded by the capital reserves of several HOAs. *See id.* at 21, 30-31. About $1.2 million was ultimately deposited in the investment account. *See id.* at 30.

When the investment account was created, STIC offered sub-account reporting services to Francis to track which funds belonged to which HOAs, but Francis declined the service and told STIC that the Legacy entities would track the funds' ownership internally. *Id.* at 30.

In September 2012, Susquehanna met with Francis and his counsel to attempt to obtain an accurate accounting of the investment account.[4] *Id.* at 34. Francis only offered oral assurances that Legacy LLC was properly accounting for the funds in the account and that they would not be subject to multiple claims. *Id.* at 35. Susquehanna did not find these assurances sufficient and froze the account. *See id.* at 34-35.

On September 24, 2012, Legacy LLC sued Susquehanna in the Circuit Court for Baltimore County, Maryland, alleging breach of contract and unjust enrichment. *Id.* at 14-15. Susquehanna removed to this Court on the basis of diversity jurisdiction. ECF No. 1. On October 5, 2012, Susquehanna answered Legacy LLC's complaint and brought a third party interpleader action to determine the ownership of the funds in the investment account.[5] ECF No. 16 at 1-2, 35-36. Between November 7 and December 19, 2012, Susquehanna served the third-party complaint on all interpled claimants except Francis.[6] ECF Nos. 80, 84, 87-89, 93-96, 98-100.

---

[4] Susquehanna suspected that Legacy LLC was defrauding its HOA customers, in part, because it learned that Legacy LLC was giving them "doctored" account statements. ECF No. 16 at 32-34.

[5] Susquehanna also counterclaimed against Francis, Legacy Inc., and Legacy LLC for breach of contract and trademark infringement. *See* ECF No. 16 at 36-40.

[6] On January 14, 2013, the Court granted Susquehanna's motion for alternative service on Francis. ECF No. 111. On January 17,

4

On December 20, 2012, the Court approved a stipulation granting Glenn Dale, East-Colony, and several other HOAs, an extension until February 19, 2013 to answer Susquehanna's complaint. See ECF Nos. 101, 102. On February 19, 2013, the Court approved a second stipulated extension to March 6, 2013. See ECF Nos. 123-124. On March 7, 2013, counsel for Glenn Dale and East-Colony moved for leave to withdraw their appearances and also requested a further extension of time for Glenn Dale and East-Colony to answer. ECF No. 146. On October 2, 2013, the Court granted the motion to withdraw and denied the motion for an extension, noting, *inter alia*, that Glenn Dale and East-Colony had not entered an appearance of substitute counsel. See ECF Nos. 263 at 8, 264.

On February 6, 2013, Susquehanna moved for entry of default against Legacy LLC. ECF No. 119. On March 8, 2013, default was entered. ECF No. 150. On July 1, 2013, Susquehanna moved for a default judgment in the interpleader action against Legacy LLC, Legacy Inc., and Francis. ECF No. 221. On October 2, 2013, the Court granted the motion as to Legacy Inc. and Francis but denied it as to Legacy LLC. See ECF No. 265 at 7. On October 16, 2013, Susquehanna moved for reconsideration of the Court's

---

2013, Francis was served. ECF No. 113. Francis and the Legacy entities have not answered Susquehanna's third-party complaint, entered an appearance, or participated in this case since its removal.

5

order denying default judgment against Legacy LLC. *See* ECF No. 278.

On November 25, 2013, Susquehanna moved for entry of default against East-Colony and Glenn Dale. ECF No. 295. On December 5, 2013, default was entered. ECF No. 299. On December 27, 2013, Susquehanna moved for a default judgment against East-Colony and Glenn Dale. ECF No. 302. Glenn Dale and East-Colony did not oppose the entry of default against them, or the motion for a default judgment.

II. Analysis

A. Motion for Default Judgment

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear.[7] In reviewing a motion for entry of a default judgment, the plaintiff's well-pled allegations are accepted as true as to liability. *Ryan*, 253 F.3d at 780-81. However, "a defaulting defendant is not held to admit conclusions of law." *United States v. $3,500.00 in U.S. Currency*, 2008 WL 215807, at *1 (E.D.N.C. Jan.24, 2008) (*citing*

---

[7] A default judgment is entered by a two-step process. *See F.D.I.C. v. Danzig*, 10 F.3d 806 at *2 n.5 (4th Cir. 1993). First, under Federal Rule of Civil Procedure 55(a), "the clerk *enters* a party's default" when the party fails to plead or defend the suit. *See id.* Second, upon motion by the non-defaulting party, the district court may enter a default judgment. Fed. R. Civ. P. 55(b)(2); *id.*

6

Ryan, 253 F.3d at 780). Rather, the court must determine whether the unchallenged factual allegations "support a claim and the relief sought." *Id.* In an interpleader action, a default judgment forfeits "any claim of entitlement" the defaulting party might assert to the interpled property. *See Guardian Life Ins. Co. of Am. v. Spencer*, 5:10CV00004, 2010 WL 3522131, at *3 (W.D. Va. Sept. 8, 2010) (*citing Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 (4th Cir. 1984)); *see also New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983) (noting that default judgments "obviate[]" judicial determination of rights to the interpled funds).

The entry of a default judgment is left to the court's discretion, and the Fourth Circuit has a "strong policy" that "cases be decided on the merits." *Dow v. Jones*, 232 F. Supp. 2d 491, 494-95 (D. Md. 2002) (*citing United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). However, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (*quoting SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (internal quotations omitted)).

Here, Glenn Dale and East-Colony were properly served with the interpleader complaint[8] and have not opposed the entries of default against them. Thus, default judgment is appropriate under Rule 55, and these parties' interests in the interpled funds from the investment account will be terminated. *See Guardian Life*, 2010 WL 3522131, at *3; *Danzig*, 10 F.3d at *2 n.5. Susquehanna's motion for a default judgment against Glenn Dale and East-Colony will be granted.

B. Motion for Reconsideration

Susquehanna moves for reconsideration of the Court's October 2, 2013 order, which denied its motion for a default judgment against Legacy LLC "on the basis that STIC never interpled Legacy LLC." *See* ECF Nos. 265 at 2 n.3, 278 at 1, 278-1 at 4. Legacy LLC was served with Susquehanna's third party complaint[9] and has not opposed the entry of default against it or Susquehanna's motions for a default judgment or for reconsideration. Having verified that Susquehanna asserted the interpleader claim against Legacy LLC in its third party complaint, *see* ECF No. 16 at 35, the motion for reconsideration will be granted. Legacy LLC's interest in the interpled funds will be terminated. *See Guardian Life*, 2010 WL 3522131, at *3.

---

[8] ECF Nos. 296, 299 at 1.

[9] ECF Nos. 119-3 at 2-4, 150.

III. Conclusion

For the reasons stated above, Susquehanna's motion for a default judgment will be granted, and its motion for reconsideration will be granted.

  2/27/04  
Date

William D. Quarles, Jr.  
United States District Judge